# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| **PEGGY LARUE,** | : |
| 200 W. Kenworth Rd. | : |
| Columbus, Ohio 43214 | : |
| | : **CASE NO.** |
| Plaintiff, | : |
| | : **JUDGE** |
| v. | : |
| | : |
| **SELFIESTYLER, INC.,** | : |
| c/o Statutory Agent – VCorp Services, LLC, | : |
| 1013 Centre Rd., Suite 403-B | : **JURY DEMAND ENDORSED HEREIN** |
| Wilmington, Delaware 19805 | : |
| | : |
| AND | : |
| | : |
| **CHRISTIAN RUTH,** | : |
| 1028 E. Juneau Ave. #425 | : |
| Milwaukee, WI 53202 | : |
| | : |
| AND | : |
| | : |
| **JOHN DOES 1-10,** | : |
| | : |
| Defendants. | : |

## COMPLAINT

Now comes the Plaintiff, Peggy LaRue, by and through counsel, and for her Complaint against Defendants SelfieStyler, Inc. ("Defendant SelfieStyler"), Christian Ruth ("Defendant Ruth"), and John Does 1-10 alleges as follows:

1. Plaintiff is a resident of the State of Ohio and County of Franklin.

2. Defendant SelfieStyler is a Delaware corporation. Defendant SelfieStyler's principal place of business is 250 East Wisconsin Ave., Milwaukee, WI 53202. Defendant SelfieStyler employed Plaintiff in Columbus, Ohio to work both at its headquarters and remotely. Upon information and belief, Defendant SelfieStyler transacts business within the Southern District of Ohio.

3. Upon information and belief, Defendant Ruth is a resident of Milwaukee, Wisconsin. Defendant Ruth is the Founder and CEO of SelfieStyler, Inc. Upon information and belief, Defendant Ruth transacts business within the Southern District of Ohio.

4. Defendants John Does 1-10 are individuals of unknown residence and citizenship. Plaintiff does not know the John Does' identity or location at this time. Plaintiff will amend her complaint to name John Does 1-10 when their identities are learned.

## JURISDICTION AND VENUE

5. This action arises under the Fair Labor Standards Act ("FLSA"); and under the laws and public policy of the State of Ohio, including the Ohio Constitution and Ohio Rev. Code Chapters 4111 and 4113.

6. Original jurisdiction over the action is conferred pursuant to 28 U.S.C. §1331 as the action arises under the laws of the United States, and supplemental jurisdiction over Plaintiff's state law claims arises under 28 U.S.C. §1367.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391 as a substantial part of the events or omissions giving rise to the claims occurred within the Southern District of Ohio.

## GENERAL ALLEGATIONS

8. Plaintiff incorporates the foregoing allegations in Paragraphs 1-7 of this Complaint as if fully rewritten herein, and further states that:

9. At all relevant times, Plaintiff was an employee of Defendant SelfieStyler.

10. At all relevant times, Defendant Ruth had significant ownership interest in Defendant SelfieStyler.

11. At all relevant times, Defendant Ruth had significant operational control over all or at least significant aspects of the day-to-day operations of Defendant SelfieStyler.

12. At all relevant times, Defendant Ruth personally made decisions with regard to significant aspects of the day-to-day functions of Defendant SelfieStyler.

13. At all relevant times, Defendant Ruth, in addition to Defendant SelfieStyler, had the authority to set the compensation of the employees of Defendant SelfieStyler, including Plaintiff.

## EMPLOYMENT AGREEMENT

14. On or around March 20, 2017, Defendants SelfieStyler and Ruth entered into an at-will employment agreement with Plaintiff, as formalized in the offer letter ("Letter") provided to Plaintiff. As per the Letter, Plaintiff was hired for the full-time position of Director of Fulfillment Operations.

15. The parties were bound by the terms and conditions of this Letter from the effective date of the Letter through Plaintiff's termination on February 8, 2019.

16. As per the Letter, Plaintiff and Defendants agreed that Plaintiff would receive an annual salary of $150,000.00, to be paid bi-monthly on the fifteenth and last day of each month.

17. As per the Letter, Plaintiff was to accrue paid time off at a rate of 1.25 days per month during the initial year, and, in subsequent years of employment, Plaintiff was awarded three weeks of paid time off. Notably, the Letter lacks any provision that specifies that Defendant SelfieStyler does not pay out unused paid time off upon termination of the employment agreement.

18. Despite the clear language of the Letter, Defendants SelfieStyler and/or Ruth failed to fulfill their contractual obligations under the Letter throughout Plaintiff's employment with Defendant SelfieStyler.

19. On multiple occasions, Defendants SelfieStyler and/or Ruth failed to timely compensate Plaintiff for salary owed to her for the work she performed, as required by the provisions of the Letter. This includes, but is not limited to, the following:

    a. Defendants SelfieStyler and/or Ruth failed to compensate Plaintiff entirely on May 15, 2018. To date, Defendants SelfieStyler and Ruth have failed to compensate Plaintiff for hours worked during this pay period;

    b. Defendants SelfieStyler and/or Ruth did not compensate Plaintiff in full on August 3, 2018. Specifically, Plaintiff was owed gross pay in the amount of $6,250.00 for this pay period, less $938.00 for her participation in the salary exchange program (discussed in further detail below), for a total expected gross pay of $5,312.00. However, Plaintiff only received gross pay in the amount of $3,739.17 -- $1,572.83 short of the gross pay actually owed to Plaintiff;

    c. Defendants SelfieStyler and/or Ruth failed to timely compensate Plaintiff on November 15, 2018. Contrary to the provisions in the Letter, Defendants SelfieStyler and/or Ruth did not compensate Plaintiff until November 16, 2018;

4

    d.    Defendants SelfieStyler and/or Ruth failed to timely compensate Plaintiff on December 31, 2018.  Contrary to the provisions in the Letter, Defendants SelfieStyler and/or Ruth did not compensate Plaintiff until January 7, 2019;

    e.    Defendants SelfieStyler and/or Ruth failed to timely compensate Plaintiff on January 15, 2019.  Contrary to the provisions in the Letter, Defendants SelfieStyler and/or Ruth did not compensate Plaintiff until January 23, 2019; and

    f.    Defendants SelfieStyler and/or Ruth did not compensate Plaintiff in full on February 15, 2019 following her termination on February 8, 2019.  Specifically, Plaintiff was owed gross pay in the amount of $3,125.00 for this pay period.  However, Plaintiff only received gross pay in the amount of $2,897.73-- $227.27 short of the gross pay actually owed to Plaintiff. To date, Defendants have not compensated Plaintiff for the $227.27 owed to her.

20.    On multiple occasions, Defendants SelfieStyler and/or Ruth failed to compensate Plaintiff by failing to reimburse her for business expenses she incurred in the course of her employment with Defendant SelfieStyler.  To date, Plaintiff is owed unreimbursed business expenses in the amount of at least $16,749.25, including but not limited to as follows:

    a.    Plaintiff submitted an expense reimbursement report for the month of May 2017, with business expenses totaling $1,397.14.  To date, Defendants SelfieStyler and/or Ruth have failed to reimburse Plaintiff for such business expenses;

    b.    Plaintiff submitted an expense reimbursement report for the month of June 2017, with business expenses totaling $3,618.07.  To date, Defendants SelfieStyler and/or Ruth have failed to reimburse Plaintiff for such business expenses;

5

  c. Plaintiff submitted an expense reimbursement report for the month of July 2017, with business expenses totaling $7,369.94.  To date, Defendants SelfieStyler and/or Ruth have failed to reimburse Plaintiff for such business expenses;

  d. Plaintiff submitted an expense reimbursement report for the month of November 2017, with business expenses totaling $1,019.76.  To date, Defendants SelfieStyler and/or Ruth have failed to reimburse Plaintiff for such business expenses;

  e. Plaintiff submitted an expense reimbursement report for the month of March 2018, with business expenses totaling $1,474.27.  To date, Defendants SelfieStyler and/or Ruth have failed to reimburse Plaintiff for such business expenses;

  f. Plaintiff submitted an expense reimbursement report for the month of July 2018, with business expenses totaling $262.44.  To date, Defendants SelfieStyler and/or Ruth have failed to reimburse Plaintiff for such business expenses;

  g. Plaintiff submitted an expense reimbursement report for the month of October 2018, with business expenses totaling $171.73.  To date, Defendants SelfieStyler and/or Ruth have failed to reimburse Plaintiff for such business expenses; and

  h. Plaintiff submitted an expense reimbursement report for the month of December 2018, with business expenses totaling $1,435.90.  To date, Defendants SelfieStyler and/or Ruth have failed to reimburse Plaintiff for such business expenses.

21. In or around January 2019, Plaintiff complained to Defendants SelfieStyler and/or Ruth that (a) she was not being timely or fully compensated for hours she worked; and (b) she was not being timely or fully reimbursed for all business expenses she incurred as a result of her employment.

22. Following Plaintiff's complaint regarding her deficient compensation and unreimbursed business expenses, Defendants SelfieStyler and/or Ruth terminated Plaintiff on February 8, 2019.

23. To date, Defendants SelfieStyler and/or Ruth have entirely failed to compensate Plaintiff for any and all unused paid time off.

## PROGRAM AGREEMENT

24. On February 27, 2018, Defendants SelfieStyler and Ruth informed Plaintiff that she would participate in a salary exchange program ("Program") for a six month period. To participate in the program, Plaintiff's salary would be reduced by a total of $11,250 during the six month period in exchange for 1,853 stock options (based upon a $7.59 share price, and including a 25% premium). In other words, Plaintiff's salary would be adjusted to deduct the $11,250 from her semi-monthly payroll on a pro-rata basis during the six month period. Plaintiff's participation in the Program was effective February 16, 2018, and all options would fully vest by August 31, 2018.

25. Thereafter, Plaintiff and Defendants SelfieStyler and/or Ruth entered into an agreement related to Plaintiff's participation in the Program ("Program Agreement").

26. As per the Program Agreement, as well as Defendants SelfieStyler's and Ruth's representations regarding Plaintiff's participation in the Program, all of Plaintiff's stock options were to have vested by August 31, 2018, at which point Plaintiff's salary would return to $150,000.00.

27. Contrary to the Agreement the parties signed, however, Plaintiff's gross salary never returned to $150,000.00 after August 31, 2018.

7

28. Defendants SelfieStyler and/or Ruth continued to deduct $938.00 from Plaintiff's gross pay for each pay period beginning September 1, 2018 through her termination in February 2019.

## COUNT I
## VIOLATION OF 29 U.S.C. § 206 (FLSA - MINIMUM WAGE)

29. Plaintiff incorporates the foregoing allegations in Paragraphs 1-28 of this Complaint as if fully rewritten herein, and further states that:

30. The FLSA imposes a duty upon employers to pay employees the federal minimum wage. 29 U.S.C. §206(a).

31. Plaintiff is an employee within the meaning of 29 U.S.C. § 203(e).

32. Defendant SelfieStyler is an employer within the meaning of 29 U.S.C. § 203(d).

33. Defendant Ruth is an employer within the meaning of 29 U.S.C. § 203(d).

34. Defendants SelfieStyler and/or Ruth did not compensate Plaintiff for all hours worked, including but not limited to the pay period preceding the scheduled May 15, 2018 pay date, when Plaintiff received no compensation for hours worked.

35. As a result of Defendants' failure to compensate Plaintiff for hours worked, Defendants SelfieStyler and/or Ruth failed to pay to Plaintiff the federal minimum wage in violation of 29 U.S.C. §206(a).

## COUNT II
## VIOLATION OF 29 U.S.C. § 207 (FLSA - OVERTIME COMPENSATION)

36. Plaintiff incorporates the foregoing allegations in Paragraphs 1-35 of this Complaint as if fully rewritten herein, and further states that:

37. The FLSA imposes a duty upon employers to pay to a non-exempt employee who works more than 40 hours in a workweek overtime compensation at a rate not less than one and

one-half times the regular rate at which she is employed. 29 U.S.C. § 207(a). The duty imposed by 29 U.S.C. § 207 does not apply to those employees exempt under 29 U.S.C. § 213.

38. To qualify as an exempt employee under 29 U.S.C. § 213, an employee must be compensated on a salary or fee basis at a rate of not less than $455.00 per week. 29 C.F.R. Chapter V, Part 541.

39. Plaintiff is an employee within the meaning of 29 U.S.C. § 203(e).

40. Defendant SelfieStyler is an employer within the meaning of 29 U.S.C. § 203(d).

41. Defendant Ruth is an employer within the meaning of 29 U.S.C. § 203(d).

42. Defendants SelfieStyler and/or Ruth failed to compensate Plaintiff entirely for hours worked, including but not limited to the two weeks preceding the scheduled May 15, 2018 pay date. As such, Plaintiff was not compensated at a rate of at least $455.00 per week for each of these weeks.

43. Plaintiff was considered a non-exempt employee of Defendant SelfieStyler within the meaning of 29 U.S.C. § 213, 29 C.F.R. Chapter V, Part 541, and 29 U.S.C. § 207 during each of the weeks she was not compensated at a rate of at least $455.00 per week, including but not limited to the two weeks preceding the May 15, 2018 pay date.

44. Plaintiff worked approximately 55 hours each of the two weeks preceding the May 15, 2018 pay date. As such, Plaintiff worked a total of approximately 30 hours in excess of the 40 hour maximum workweek prescribed under 29 U.S.C. § 207.

45. In failing to compensate Plaintiff entirely for overtime hours worked, including but not limited to the two weeks preceding the scheduled May 15, 2018 pay date, Defendants SelfieStyler and/or Ruth failed to compensate Plaintiff at a rate of one and one-half times the regular rate at which she was employed.

46. As a result of Defendants' failure to compensate Plaintiff at a rate of one and one-half times her regular rate of pay for the all overtime hours worked when she was a non-exempt employee of Defendant SelfieStyler, Defendants SelfieStyler and/or Ruth violated 29 U.S.C. § 207.

### COUNT III
### VIOLATION OF R.C. § 4111.14 (OHIO – MINIMUM WAGE)

47. Plaintiff incorporates the foregoing allegations in Paragraphs 1-46 of this Complaint as if fully rewritten herein, and further states that:

48. Section 34a of Article II of the Ohio Constitution imposes a duty on employers to pay employees the state minimum wage.

49. R.C. § 4111.14 was enacted to implement the state minimum wage requirement of Section 34a of Article II of the Ohio Constitution.

50. Plaintiff is an employee within the meaning of R.C. § 4111.14.

51. Defendant SelfieStyler is an employer within the meaning of R.C. § 4111.14.

52. Defendant Ruth is an employer within the meaning of R.C. § 4111.14.

53. Defendants SelfieStyler and/or Ruth did not compensate Plaintiff for all hours worked, including but not limited to the pay period preceding the scheduled May 15, 2018 pay date, when Plaintiff received no compensation for hours worked.

54. As a result of Defendants' failure to compensate Plaintiff hours worked, Defendants SelfieStyler and/or Ruth failed to pay to Plaintiff the state minimum wage in violation of R.C. § 4111.14.

**COUNT IV**
**VIOLATION OF R.C. § 4113.15 – (OHIO – PROMPT PAY ACT)**

55. Plaintiff incorporates the foregoing allegations in Paragraphs 1-54 of this Complaint as if fully rewritten herein, and further states that:

56. R.C. § 4113.15 imposes a duty on employers to pay its employees all wages earned during the first half of the preceding month ending with the fifteenth day thereof on or before the first day of each month. R.C. § 4113.15 imposes a duty on employers to pay such employees all wages earned during the last half of the preceding calendar month on or before the fifteenth day of each month.

57. Plaintiff is an employee within the meaning of R.C. § 4113.15.

58. Defendant SelfieStyler is an employer within the meaning of R.C. § 4113.15.

59. Defendant Ruth is an employer within the meaning of R.C. § 4113.15.

60. The term "wages" as used in R.C. § 4113.15 means the net amount of money payable to an employee and includes any reimbursement for expenses.

61. Defendants SelfieStyler and/or Ruth failed, and have continued to fail, to timely compensate Plaintiff in the amount of at least $16,749.25 for unreimbursed business expenses. This includes but is not limited to business expense Plaintiff incurred in the months of May 2017, June 2017, July 2017, November 2017, March 2018, July 2018, October 2018, and December 2018.

62. Defendants SelfieStyler and/or Ruth entirely failed to compensate Plaintiff for all hours worked, including but not limited to, the pay period preceding the scheduled May 15, 2018 pay date, when Plaintiff received no compensation for hours worked. To date, Defendants SelfieStyler and/or Ruth have failed to compensate Plaintiff for all hours worked during this pay period.

63. Defendants SelfieStyler and/or Ruth failed to timely compensate Plaintiff for all hours worked, including by not limited to, the pay periods preceding the scheduled August 3, 2018, November 15, 2018, December 31, 2018, and January 15, 2019 pay dates.

64. Defendants SelfieStyler and/or Ruth failed, and have continued to fail, to timely pay Plaintiff wages owed to her in violation of R.C. § 4113.15.

## COUNT V
## BREACH OF CONTRACT – EMPLOYMENT AGREEMENT

65. Plaintiff incorporates the foregoing allegations in Paragraphs 1-64 of this Complaint as if fully rewritten herein, and further states that:

66. To establish a breach of contract claim, a party must establish four elements: (1) a binding contract or agreement was formed; (2) the non-breaching party performed its contractual obligations; (3) the other party failed to fulfill its contractual obligations without legal excuse; and (4) the non-breaching party suffered damages as a result of the breach.

67. Plaintiff and Defendants SelfieStyler and Ruth entered into a binding employment agreement on or around March 20, 2017 when both parties signed the Letter.

68. Plaintiff performed her contractual obligations under the employment agreement by fulfilling the duties of her position as Director of Fulfillment Operations at SelfieStyler, Inc.

69. Defendants SelfieStyler and/or Ruth failed to fulfill their contractual obligations under the Letter without legal excuse, including but not limited to as follows:

    a. As per the Letter, Defendants SelfieStyler and/or Ruth agreed to compensate Plaintiff at an annual salary of $150,000.00. Defendants failed to fulfill this contractual obligation without legal excuse when, following the conclusion of the six-month Program Agreement, Defendants failed to return Plaintiff's gross salary to $150,000.00 after August 31, 2018.

12

b. As per the Letter, Defendants SelfieStyler and/or Ruth agreed to pay Plaintiff bi-monthly on the fifteenth and last day of each month. Defendants failed to fulfill this contractual obligation without legal excuse on multiple occasions.

c. As per the Letter, Defendants SelfieStyler and/or Ruth agreed that Plaintiff would accrue paid time off days at a rate of 1.25 days per month during the first year of employment. Defendants further agreed that Plaintiff was entitled to three weeks of paid time off in each year subsequent to her first year of employment. As the Letter does not contain a provision that specifies Defendants did not pay out unused paid time off upon termination of the employment agreement, Defendants were obligated to compensate Plaintiff for all unused paid time off. Following Plaintiff's termination on February 8, 2019, Defendants failed to fulfil this contractual obligation without legal excuse.

70. As a result of the above breaches of Defendants' contractual obligations set forth in the Letter, Plaintiff has suffered quantifiable monetary damages.

## COUNT VI
## BREACH OF CONTRACT – PROGRAM AGREEMENT

71. Plaintiff incorporates the foregoing allegations in Paragraphs 1-70 of this Complaint as if fully rewritten herein, and further states that:

72. To establish a breach of contract claim, a party must establish four elements: (1) a binding contract or agreement was formed; (2) the non-breaching party performed its contractual obligations; (3) the other party failed to fulfill its contractual obligations without legal excuse; and (4) the non-breaching party suffered damages as a result of the breach.

73. Plaintiff and Defendants SelfieStyler and/or Ruth entered into a binding agreement related to the Program on or around February 27, 2018.

74. Plaintiff performed her contractual obligations under the agreement by agreeing to reduce her salary by a total of $11,250.00, to be deducted from her semi-monthly payroll on a pro-rata basis for a period of six months, in exchange for 1,853 stock options.

75. Plaintiff did not agree to extend the Program Agreement beyond the six month period, nor did she receive additional consideration to extend the Program Agreement beyond the six month period.

76. Defendants SelfieStyler and/or Ruth failed to fulfill their contractual obligations under the Program Agreement without legal excuse, including but not limited to as follows:

    a. As per the Program Agreement, the Agreement was effective for a period of six months, beginning February 15, 2018 and ending August 31, 2018. Defendants SelfieStyler and/or Ruth failed to fulfill their contractual obligation to terminate the Program Agreement at the end of the six month period.

    b. Defendants SelfieStyler and/or Ruth continued to deduct $938.00 from Plaintiff's payroll from September 1, 2018 through her termination on February 8, 2019 in breach of the Program Agreement.

77. As a result of the above breaches of Defendants' contractual obligations set forth in the Program Agreement, Plaintiff has suffered quantifiable monetary damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

    a. An injunction prohibiting Defendants from engaging in future violations of the FLSA and Ohio law;

    b. Compensatory and back pay damages to the fullest extent permissible under federal and state law;

    c. Liquidated damages to the fullest extent permissible under federal and state law;

  d. Punitive damages to the fullest extent permissible under federal and state law;

  e. Litigation costs, expenses, and attorneys' fees to the fullest extent permissible under federal and state law;

  f. That Defendants be held jointly and severally liable; and

  g. Such other and further relief as this Court deems just and proper.

          Respectfully submitted,

          /s/ Justin A. Morocco
          Justin A. Morocco (0079383)(Trial Attorney)
          Meredith W. Shell (0092471)
          MOWERY YOUELL & GALEANO, LTD.
          485 Metro Place South, Suite 220
          Dublin, Ohio 43017
          Telephone: (614) 764-1444
          Facsimile: (614) 760-8654
          Email: jmorocco@myglaw.com
          Email: mshell@myglaw.com
          *Attorneys for Plaintiff*

## JURY DEMAND

Plaintiff hereby demands a jury trial for all issues contained in this complaint.

          /s/ Justin A. Morocco
          Justin A. Morocco (0079383)(Trial Attorney)
          Meredith W. Shell (0092471)