IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| PEGGY LARUE, : | |
| : | Case No. 2:19-cv-03617 |
| **Plaintiff,** : | |
| : | CHIEF JUDGE ALGENON L. MARBLEY |
| v. : | |
| : | MAGISTRATE JUDGE VASCURA |
| SELFIESTYLER, INC., *et al.*, : | |
| : | |
| **Defendants.** : | |

### ORDER APPROVING SETTLEMENT

This matter is before the Court on the parties' Joint Motion for Settlement Approval and Dismissal with Prejudice. (ECF No. 29). For the following reasons, the Court **GRANTS** the Motion for Settlement Approval and the case is **DISMISSED WITHOUT PREJUDICE**. The parties are directed by the Court to file a Dismissal Order dismissing this case with prejudice not later than thirty (30) days after the entry of this Order.

This matter is now terminated by settlement and shall be considered, pursuant to Fed. R. Civ. P. 41, dismissed without prejudice as to all claims, until the parties file the above-referenced Dismissal Order dismissing this matter with prejudice, unless the case is reopened for good cause shown upon proper motion of one or more parties to this action. The Court will retain jurisdiction over the settlement agreement.

### I. BACKGROUND

In March 2017, Plaintiff Peggy LaRue began employment with SelfieStyler, Inc. as an at-will employee, bound by an employment agreement set forth in her offer letter. (ECF No. 1 at 3). In February 2019, Ms. LaRue's employment was terminated. (*Id.*). In her Complaint, Plaintiff alleges that Defendants failed to timely compensate her on several occasions, failed to reimburse

1

her for business expenses, and failed to reimburse her for unused paid time off accrued at the time of her termination. (*Id.* at 4–7). Ms. LaRue also participated in a salary exchange program with Defendants, wherein her salary would be reduced during a certain time period in exchange for stock options, after which time her salary would be restored to its original level. (*Id.* at 7). Ms. LaRue alleges, however, that her salary was never properly restored. (*Id.*).

Plaintiff filed her Complaint against Defendants on August 19, 2019, alleging violations of the Fair Labor Standards Act ("FLSA"), the Ohio Constitution Art. II, § 34a, O.R.C. § 4111.14 (the Ohio Minimum Fair Wage Standards Act), O.R.C. § 4113.15 (the Ohio Prompt Pay Act), and breach of contract. (ECF No. 1). Defendants filed their Answer on November 18, 2019 and the parties were given a mediation deadline of October 2020 in the Preliminary Pretrial Order. (ECF Nos. 15, 18). On June 17, 2020, the parties engaged in mediation and notified the Court on July 3, 2020, that the mediation was successful mediation. On September 11, 2020, the parties filed a Joint Motion for Settlement Approval. (ECF No. 29). The proposed settlement would fully resolve all claims which presently exist or may exist in the future against Defendants arising out of or relating to Plaintiff's assertions in the Complaint. (ECF No. 29-1 at 4–5). In relation to the Settlement Agreement, Defendant SelfieStyler, Inc. will pay Plaintiff a gross sum of $39,000.00. (*Id.* at 2). Under the Settlement Agreement, Ms. LaRue will receive $30,192.50 and her counsel will receive $8,807.50 for attorney's fees and costs. (*Id.*).

The Court has reviewed the parties' Joint Motion and Settlement Agreement and approves the proposed settlement for the following reasons.

## II.    ANALYSIS

The Court shall approve an FLSA settlement if there exists a bona fide dispute under the FLSA that can be resolved by a settlement agreement, the agreement was reached through an arms-

length negotiation, and the agreement is fair, reasonable, and adequate. *Kritzer v. Safelite Solutions*, LLC, 2012 WL 1945144, at *5 (S.D. Ohio May 30, 2012) (citing *In re Broadwing, Inc. ERISA Litig.*, 252 F.R.D. 369, 381–82 (S.D. Ohio 2006)).

The settlement meets this standard for approval. First, the Court finds the settlement was the result of bona fide dispute. The case was actively litigated by both parties and was only resolved with the assistance of a neutral mediator. Defendants denied the material allegations of Plaintiff's claims and any violation of the FLSA, and they vigorously defended their position throughout the litigation. (ECF No. 15). There is no indication that the parties were "merely engaged in pretense and posturing." *See Moulton v. U.S. Steel Corp.*, 581 F.3d 344, 351 (6th Cir. 2009). As discussed below, the Court also finds that the settlement agreement was reached as the result of arms-length negotiation.

### A. Fairness, Reasonableness, and Adequacy of Settlement

To determine whether a settlement is "fair, reasonable, and adequate," this Court balances the following factors: "the risk of fraud or collusion, the complexity, expense, and likely duration of the litigation, the amount of discovery completed, the likelihood of success on the merits, and the public interest in settlement." *Padilla v. Pelayo*, No. 3:14-cv-305, 2015 WL 4638618, at *1 (S.D. Ohio Aug. 4, 2015) (citing *Int'l Union, United Auto., Aerospace, and Agric. Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2006)). The balance of these factors weighs in favor of approving the proposed settlement.

**1. Risk of fraud or collusion.**

As stated in *In re Telectronics Pacing Systems Inc.*, 137 F. Supp. 2d 985 (S.D. Ohio 2001), courts respect the integrity of counsel involved and "presume the absence of fraud or collusion" in settlement negotiations, unless evidence to the contrary is offered. 137 F. Supp. 2d at 1016. Parties

3

retained counsel with extensive experience litigating FLSA claims. (ECF No. 29 Ex. 2 at 1). The proposed settlement agreement occurred after significant progress in the litigation, including the close of discovery, and was achieved after extensive, good-faith, and arms-length negotiations at a mediation before Magistrate Judge Abel. (ECF No. 29 at 4). The proposed settlement reflects real concessions from both sides. *In re Telectronics*, 137 F. Supp. 2d at 1016. This Court finds that the negotiations were conducted at arm's length and there is no reason to believe the settlement involves collusion.

### 2. Complexity, expense, and likely duration of litigation.

Given the fact-intensive nature of the wage dispute, the parties contend that continuing to litigate this case "would require costly and protracted litigation" and that the "cost of such activities would almost immediately outstrip the maximum value of Plaintiff's damages." (ECF No. 29 at 5). As the district court found in *In re Telectronics*, "settlement avoids the costs, delays, and multitude of other problems associated" with complex litigation. *In re Telectronics*, 137 F. Supp. 2d at 1013 (quoting *In re Austrian and German Bank Holocaust Litig.*, 80 F. Supp. 2d 164, 174 (S.D.N.Y. 2000)). This Court finds that the complexity, expense, and likely duration of the continued litigation of Plaintiff's FLSA claims favor approval of the joint settlement agreement.

### 3. The stage of the proceedings.

Plaintiff filed her Complaint in August 2019. (ECF No. 1). In December 2019, Magistrate Judge Vascura issued a preliminary pretrial order, requiring initial disclosures by January 7, 2020, the close of discovery by July 3, 2020, with expert reports due in July and August 2020, and dispositive motions due by August 7, 2020. (ECF No. 18). In June 2020, a notice of mediation was entered for the following month. (ECF No. 23). The parties represent that they "engaged in investigation prior to entering into settlement negotiations," which involved the review and

4

exchange of relevant documents. (ECF No. 29 at 5). The parties also represent that "their investigation and exchange of information was sufficient to allow their counsel to evaluate the Parties' respective claims and defenses." (*Id.* at 5–6). As in *In re Telectronics*, "[t]he advanced stage of the proceedings and the substantial amount of concluded discovery in this case, means that the Parties have been able to perform a realistic assessment of the factual and legal strengths and weaknesses of the claims and defenses." 137 F. Supp. 2d at 1015. Accordingly, this Court finds that the stage of the proceedings and the discovery completed support a finding that the settlement is fair, reasonable, and adequate.

**4. Likelihood of success on the merits.**

It is not clear that Plaintiff would have lost her FLSA claims if this case proceeded to trial. Plaintiff alleged a failure to compensate her for salary owed on several dates, that she was owed unreimbursed business expenses totaling over $16,700, and that she was not compensated for unused paid time off at termination. (ECF No. 1 at 4–6). Defendants dispute liability and the range of recovery available. (ECF No. 29 at 6). Resolution of Plaintiff's claims would be very fact-intensive, as the parties disputed the accuracy of Plaintiff's claimed time and expenses, the accuracy of the parties' records related to time and expenses, and whether Plaintiff followed Defendants' policies and procedures. (*Id.* at 5). Both parties submit that the agreement provides Plaintiff with substantial monetary relief, in the face of uncertainty and risk if litigation were to proceed. (*Id.* at 6). This Court notes that any likelihood of success on the merits by Plaintiff would require substantial motions practice and a jury trial, and both the risks and expenses of continued litigation are likely outweighed by the benefits of the proposed settlement.

**5. The public interest.**

As the district court noted in *Kritzer*, "[t]here is a strong federal policy encouraging

5

settlement." 2012 WL 1945144, at *6. Both parties contend that continued litigation would increase attorneys' fees on both sides, yet Plaintiff's damages would not necessarily increase. (ECF No. 29 at 6–7). Settlement of this matter without further motions practice and a jury trial reduces strain on this Court and its docket. *See In re Telectronics*, 137 F. Supp. 2d at 1025 (finding the public interest satisfied where burden on "valuable judicial resources" was alleviated by settlement). This Court finds that settlement is in the public interest and "ends potentially long and protracted litigation." *Id.* (citing *In re Broadwing*, 252 F.R.D. at 369).

### B.     Attorneys' Fees

The Sixth Circuit has held that an award of attorneys' fees must be reasonable, meaning it must be "one that is adequate to attract competent counsel, but . . . [does] not produce windfalls to attorneys." *Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999). The proposed settlement provides for $8,807.50 in attorneys' fees and costs for Plaintiff's counsel. (ECF No. 29 Ex 1. at 2). This constitutes just over one-fifth of the total settlement amount. There are two methods for determining whether a fee is reasonable: the lodestar method and the percentage-of-the-fund method. *Van Horn v. Nationwide Prop. & Cas. Ins. Co.*, 436 F. App' 496, 498 (6th Cir. 2011). The Sixth Circuit has approved both methods. *Rawlings v. Prudential-Bache Prop., Inc.*, 9 F.3d 513, 515–16 (6th Cir. 1993).

This Court finds that the attorneys' fees in the proposed settlement are reasonable. Plaintiff is receiving a substantial benefit, in the amount of approximately 78% of the total settlement amount. The proposed settlement notes that the fees payable to Plaintiff's counsel "represent[s] attorney's fees and costs pursuant to the fee agreement" between Plaintiff and her counsel. (ECF No. 29 Ex. 1 at 2). Courts within this circuit have found that a fee representing one-third of the total settlement amount to be reasonable. *See, e.g.*, *Farkas v. Boschert*, No. 17-cv-12536, 2018

WL 3100905, *2 (E.D. Mich. June 25, 2018) ("The Court also finds that Plaintiff's counsel fee, representing one-third of the total settlement amount, is reasonable for the work performed and the result obtained."). Given that the litigation was initiated in 2019 and substantial discovery has taken place, the attorneys' fees requested are less than the fees that could be requested under a lodestar calculation. As discussed above, this litigation is complex and involves skilled attorneys on both sides. For these reasons, the Court finds the balance of factors weighs in favor of granting the proposed attorneys' fees and costs.

## CONCLUSION

For the reasons stated above, the Court **GRANTS** the Motion for Settlement Approval and orders that this case be **DISMISSED WITHOUT PREJUDICE**. The parties are directed by the Court to file a Dismissal Order dismissing this case with prejudice not later than thirty (30) days after the entry of this Order. The Court will retain jurisdiction over this action only for the purposes of supervising the implementation, enforcement, construction, administration, and interpretation of the Settlement Agreement. The parties shall abide by all terms of the Settlement Agreement, which are incorporated herein, and this Order.

**IT IS SO ORDERED.**

_____
**ALGENON L. MARBLEY**
**CHIEF UNITED STATES DISTRICT JUDGE**

**DATED:  December 4, 2020**